The plaintiff alleged that in September, 1927, Mason Kearney and wife, who were the owners of the land in controversy, borrowed from the defendant Mortgage Company $1,900 and executed and delivered a deed of trust securing the same, and that thereafter Kearney and wife conveyed the land to the plaintiff, subject to said deed of trust, which constituted a first lien upon the property. Plaintiff further alleged that approximately $1,558.69 has been paid on the indebtedness, and that no default had occurred. Plaintiff further alleged that there was usury in the transaction, and that they are entitled to recover $190.00 penalty therefor. It was further alleged that the trustee has advertised the property for sale by virtue of the power in said deed of trust contained, and thereupon the plaintiff prayed an injunction restraining said sale, pending the litigation.
The defendants filed answers denying the allegations of the complaint with respect to usury, and that the indebtedness was not in default.
The cause was submitted to the trial judge, who found the following facts:
"That on or about 15 September, 1927, one Mason Kearney and wife, . . . negotiated a loan through the Home Mortgage Company in the amount of $1,900, . . . and executed and delivered a deed of trust *Page 330 
which was recorded in the office of the register of deeds for Durham County. . . . It is further found that the plaintiff C. J. Ingram purchased the land described in the aforementioned deed of trust, and that the legal title to said property is now in him, subject to said deed of trust; that there has been paid on said indebtedness of $1,900 approximately $1,558.69, and that the balance of said debt, with interest thereon, is past due and unpaid, and that neither Mason Kearney and his wife, nor the plaintiff, nor any of them, have offered to pay or tendered to the defendant any amount whatsoever in satisfaction of the balance due and owing on said note and deed of trust. . . . Now, therefore, it is considered, ordered, and adjudged and decreed that the said restraining order heretofore signed . . . be and the same is hereby dissolved, and that V. S. Bryant, substituted trustee, is hereby authorized, directed, and empowered to advertise said property and sell the same," etc.
The appeal entry is as follows: "To the signing of the foregoing order the plaintiff objects and excepts, and gives notice in open court of the appeal to the Supreme Court of North Carolina"
Two exceptions appear in the record:
First, "plaintiffs object and except to the rendition of judgment dissolving temporary restraining order and the signing of said judgment by his Honor."
Second, "to the finding and signing of the order of the finding of facts."
The first exception is to the judgment itself. This judgment is regular upon its face, and the facts found by the trial judge are sufficient to support the decree. Consequently, the first exception must fail. Warren v.Bottling Co., 207 N.C. 313; Moreland v. Wamboldt, ante, 35.
The second exception is "to the finding and signing of the order of the findings of facts." It is to be observed that the plaintiff requested no finding of facts, and there is no specific exception to any particular finding of fact. Obviously, some of the findings of fact are necessary and beyond question. The Court is not endowed with the gift of prophecy, and, therefore, is unable to determine which particular finding of fact is objectionable to the plaintiff.
Hence, the second exception must likewise fail.
Affirmed. *Page 331